## Woodman *vs.* Trafton & *al.*

The lien created by attachment of the articles enumerated in *Stat.* 1821, *ch.* 60, *sec.* 34, is not dissolved by taking the security there mentioned; and therefore a subsequent sale of such articles by the debtor, even without notice, gives the vendee no rights against the attaching creditor.

This was an action of trespass against a deputy sheriff, for taking and carrying away the plaintiff's horse.

At the trial, which was before the Chief Justice, it appeared that the horse formerly belonged to one *Daley*, from whom *Trafton* the officer, took him by attachment, by virtue of a writ in favor of one *Hall.* On receiving security for the safe keeping and return of the horse, the officer again delivered him to the debtor; who used him as before, and afterwards sold him to the plaintiff, who had no knowledge of the attachment. Judgment having been rendered in *Hall's* suit, execution was duly issued and delivered to *Trafton* for service; who, with the other defendant, seized and sold the horse under the execution, within thirty days after judgment.

The Chief Justice hereupon directed a nonsuit, subject to the opinion of the court upon the general question whether the action was maintainable.

*Ruggles*, for the plaintiff, argued that the *Stat.* 1821, *ch.* 60, *sec.* 34, which permits the attaching officer to return to the debtor certain property attached, on receiving security for its safe custody and re-delivery, without its being liable to a second attachment, ought to be construed strictly, being in derogation of the rights of other creditors; and that by this rule, a sale by the debtor was not within its provisions. The intent of the statute was to give the debtor the means of making the most of his property for the payment of his debts, the first attaching creditor being protected by the security given to the officer. If a sale by the debtor, under such circumstances, is not supported, the law will prove a snare to the innocent

purchaser, and open to the debtor a temptation to commit the greatest frauds.

*J. Thayer*, for the defendants.

MELLEN C. J. delivered the opinion of the Court in *Cumberland*, at the adjournment of *May* term, in *August* following.

The decision of this cause depends altogether upon the construction of the last section of the revised statute, *ch.* 60, *sec.* 34. The section is in these words, viz : " Be it further enacted, that when hay in a barn, sheep, horses, or neat cattle are attached on mesne process, at the suit of a *bona fide* creditor, and are suffered by the officer making such attachment, to remain in the possession of the debtor, on security given for the safe keeping or delivery thereof to such officer, the same shall not by reason of such possession of the debtor, be subject to a second attachment, to the prejudice of the first attachment." The facts stated in the report present a case precisely within the provision of the foregoing section. Before that section was enacted, if any personal property was attached on mesne process and permitted to remain in the possession of the debtor, or was returned to his possession, the lien created by the attachment was thereby lost and at an end, at least so far as that it might be effectually attached and holden at the suit of another creditor, neither he, nor the officer having notice of the first attachment. The object of the legislature in enacting the above section, we apprehend, was to prevent the expense of keeping the animals therein mentioned, and removal of the hay, between the time of the attachment and the sale of them on execution, by the officer or the person to whom they had been delivered by him. In many instances such expense would amount almost to the value of the animals ; in which case the creditor and the debtor were both sufferers. The evident object was to authorize an attaching officer to avoid this expense, by indulging the debtor with the privilege of retaining possession of them, without any prejudice to the attachment he had made ; that is, the section was designed to preserve and continue the lien on the property attached, in the same manner as though it had remained in the exclu-

sive possession of the officer. When property attached so remains in his custody, it is clear that the debtor cannot exercise any control over it or make any disposition of it, to the prejudice of the rights of the attaching creditor or officer. The question then is, whether the statute was intended, by the indulgence it has granted to a debtor, to give him rights which he had not before, where he was legally deprived of the possession of the animals mentioned, and greater rights than any of his other creditors, in respect to such property. It is contended by the counsel for the plaintiff that such was the intent, because the section only provides that the articles so attached and returned to the possession of the debtor, shall not be liable to a second attachment to the prejudice of the first ; but does not declare that they shall not be subject to the right of sale by the debtor. We apprehend that this construction is too limited and would lead to inconsistencies and injustice. The object was to continue the lien created by the attachment for the benefit of a *bona fide* creditor, But this object would be completely defeated, should we adopt the above construction, and allow him to sell the property and appropriate its value to his own use. But it is urged that the plaintiff is a fair purchaser for a valuable consideration and without notice, and therefore a construction should be given to the statute, that will protect his rights. The answer to this argument is that the debtor had no right to sell the horse ; at the time of the sale he had no property in him, except subject to the attachment ; and by the sale of the horse on execution, every kind of property was gone from him and transferred to the purchaser at the auction sale. The case of the plaintiff does not differ in this respect from that of the man who purchases a horse from a thief, or from one who had no ownership or delegated power to sell. In these cases the purchaser must yield his supposed right to him who has the real right. In these cases the maxim applies, *caveat emptor.* We are perfectly satisfied that there is no ground on which the action can be maintained. The nonsuit was proper and is confirmed.

*Judgment for the defendants.*